KIRBY McINERNEY LLP
Ira M. Press (IP 5313)
Peter S. Linden (PL 8945)
830 Third Avenue, 10th Floor
New York, New York 10022
(212) 371-6600

*Attorneys for Movant, the Detroit Funds*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| William L. Wesner, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  v.<br><br>UBS AG, PETER A. WUFFLI, CLIVE STANDISH, and DAVID S. MARTIN,<br><br>    Defendants. | **Civil Action No.**<br>**07 CIV 11225 (RJS)** |
| ROBERT GARBER, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  v.<br><br>UBS AG, PETER A. WUFFLI, CLIVE STANDISH, and DAVID S. MARTIN,<br><br>    Defendants. | **No. 08 CIV 00969 (RJS)** |

**MEMORANDUM IN SUPPORT OF MOTION OF THE DETROIT FUNDS
TO CONSOLIDATE RELATED ACTIONS, APPOINT LEAD PLAINTIFF AND
APPROVE LEAD PLAINTIFF AND APPROVE LEAD PLAINTIFF'S SELECTION OF
LEAD COUNSEL**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................... ii

INTRODUCTION ............................................................. 1

FACTUAL BACKGROUND ...................................................... 1

ARGUMENT ................................................................. 3

    I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED ............. 3

    II.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ............... 4

        A.    Movant is Willing to Serve as Lead Plaintiff
            On Behalf of All Purchasers of UBS Securities ................... 5

        B.    Movant has the Largest Financial
            Interest in the Relief Sought by the Class ........................ 5

        C.    Movant Satisfies the Requirements of
            Rule 23 of the Federal Rules of Civil Procedure ................... 6

        D.    Movant Will Fairly and Adequately Represent the
            Interests of the Class and is Not Subject to Unique Defenses .......... 8

    III.  MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED ......... 9

CONCLUSION ............................................................... 9

# TABLE OF AUTHORITIES

*Cases*

*Constance Sczensny Trust v. KPMG LLP*,
    223 F.R.D. 319 (S.D.N.Y.) .................................................... 4

*Daniels v. Amerco*,
    1983-1 Trade Cas. P 65 (S.D.N.Y.1983) ........................................ 7

*In re Drexel Burnham Lambert Group, Inc.*,
    960 F.2d 285 (2d. Cir. 1992) ................................................. 7, 8

*Fischler v. Amsouth Bancorporation*,
    1997 U.S. Dist. LEXIS 2875 (M.D. Fla. Feb. 6, 1997) ............................ 6

*Gluck v. Cellstar Corp.*,
    976 F. Supp. 542 (N.D. Tex. 1997) ............................................ 7

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2007) ............................................... 4

*Lax v. First Merchants Acceptable Corporation, et al.*,
    1997 U.S. Dist. LEXIS 11866 (N.D. Il. 1997) ................................... 6

*In re Olsten Corp. Sec. Litig.*,
    3 F.Supp. 2d 286 (E.D.N.Y. 1998) ............................................ 7

*In re Oxford Health Plans*,
    191 F.R.D. 369 (S.D.N.Y. 2000) .............................................. 7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) ............................................... 7

*Sofran v. LaBranche & Co., Inc.*,
    220 F.R.D. 398, 401 (S.D.N.Y. 2004) ......................................... 3

***Statutes and Rules***

15 U.S.C. 78u-4(a) et seq. ................................................... passim

Fed R. Civ. P. 42(a) .................................................... 1, 3, 4

Fed. R. Civ. P.Rule 23 .................................................... 6-8

## INTRODUCTION

The Police and Fire Retirement System of the City of Detroit and Detroit General Retirement System ("The Detroit Funds" or "Movant") respectfully submit this memorandum of law in support of their motion (i) for an order pursuant to Fed R. Civ. P. 42(a) consolidating the above captioned actions; (ii) for the Detroit Funds' appointment pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") as Lead Plaintiff in the above-captioned securities fraud class actions; and (iii) for the Court's approval of the Detroit Funds' selection of Lead Counsel and Liaison Counsel for the proposed Class.

The above captioned proposed class actions allege violations by UBS, AG ("UBS"or the "Company") and certain of its officers and directors of §10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission.

The Detroit Funds are members of the proposed class of purchasers of UBS securities between February 13, 2006 through December 11, 2007 (the "Class Period"). Movant suffered loses of $6,065,373.89 million from class period trades in UBS and they are believed to have the largest financial interest in the relief sought by the claim. *See* Exhibit D to accompanying February 11, 2008 affidavit of Ira M. Press ("Press Aff."). As such movants should be appointed as lead plaintiff.

## FACTUAL BACKGROUND

UBS is one of the world's largest investment banking and financial firms, providing services such as advisory services, underwriting, financing, market making, asset management, brokerage and retail banking. The Company consists of four divisions: Wealth Management, Asset Management, Investment Banking & Security and Swiss Retail & Corporate Banking. UBS is based in Zurich Switzerland with branch offices in over fifty countries. UBS has a significant presence in the United

States. Its corporate headquarters is located in New York. The Company's stock is listed on the New York Stock Exchange ("NYSE") and does not trade publically on any other exchange. provides various financial services to customers in the United States and internationally through a network of more than 8,000 bank branches. According to its most recently filed quarterly report, UBS has more than 1.9 billion shares outstanding.

The above-captioned actions assert claims for violation of the Securities Exchange Act of 1934 on behalf of investors in UBS securities against *inter alia* UBS, Peter A. Wuffli (UBS' CEO until July 2007), Clive Standish (UBS' Group CFO) and David S. Marin (UBS' Global Head of Interest Rate Products until October 2007). The suits allege that UBS and certain of its officers and directors failed to disclose and misrepresented material adverse facts which were known to, or were recklessly disregarded, including: (1) UBS-held debt securities were severely impacted; (2) that defendants ignored adverse facts disclosed to them by Dillon Read, a UBS hedge fund subsidiary; (3) defendants knew or should have known that additional securities being held were impaired; (4) defendants had reported artificially inflated earnings based on unsupportable assumptions regarding likely defaults and loan repurchase requirements; (5) defendants falsely forecasted future earnings, even though they knew that the deteriorating financial markets would inevitably lead to a significant write-down of the Company's impaired assets; (6) the Company lacked adequate internal controls; and (7) as a result of the foregoing, the Company's statements about its financial well-being and future business prospects were materially false and misleading.

The actions further allege that a series of disclosures of the extent of UBS' liability in August, October and December 2007 caused a material decline in UBS' stock price, thereby causing injury to members of the putative class.

## ARGUMENT

### I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a). Neither Rule 42 nor the PSLRA requires that actions be identical in order to be consolidated. *See Sofran v. LaBranche & Co., Inc.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004).

The above-captioned actions have the same core defendants: UBS, Peter A. Wulfflie, Clive Standish and David S. Marin, and allege the same legal bases for liability: Sections 10(b) and 20(a) of the Exchange Act. Furthermore, each of these actions alleges that defendants made materially false and misleading statements during the class period concerning UBS' subprime exposure which materially misstated UBS' financial performance, and in turn artificially inflated the market price for UBS securities. Each of the actions seeks to be certified as a class action on behalf of a class of

similarly-situated investors in UBS securities.[1]

These common issues of law and fact, contained in the actions before this Court, support consolidation pursuant to Fed. R. Civ. P. 42(a). Accordingly, consolidation should be granted.

## II.     MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

Sections 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiffs in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members made within 60 days of a published notice of class action.

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure

15 U.S.C. §78u-4(a)(3)(B)(iii).

As set forth below, Movant is believed to have the largest financial interest in the relief sought in these actions among all putative class members who have filed complaints or filed timely motions for lead plaintiff appointment. As such, movant is entitled to the presumption that it is the most adequate plaintiff to represent all class period purchasers of UBS securities.

---

[1] The fact that the overlapping proposed class periods are not identical does not defeat consolidation. *See Kaplan v. Gelfond*, 240 F.R.D. 88, 91-92 (S.D.N.Y. 2007); *Constance Sczensny Trust v. KPMG LLP*, 223 F.R.D. 319, 322 (S.D.N.Y. 2004).

### A.  Movant is Willing to Serve as Lead Plaintiff
### On Behalf of All Purchasers of UBS Securities

On December 13, 2007 and January 30, 2008, counsel for plaintiffs in the above-captioned actions caused notices to be published on newswire services, pursuant to Sections 21D(a)(3)(A)(I) of the PSLRA, announcing that a securities class action had been filed against the defendants herein, and advising purchasers of UBS securities that they had until February 11, 2008 to file a motion to be appointed as Lead Plaintiff. *See* Press Aff. Exhibits A, B. The PSLRA provides that motions for appointment of lead plaintiff must be filed within 60 days following publication of the statutory notice. Movant has filed this motion within the statutory time period. In connection with this motion and the filing of its complaint, Movant has attached sworn Certifications attesting that the Detroit Funds are willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Press Aff., at Exhibit C.[2]

Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B.  Movant has the Largest Financial
### Interest in the Relief Sought by the Class

The PSLRA provides that the most adequate plaintiff is presumed to be the "person or group of persons" that, among other things, "has the largest financial interest in the relief sought by the class." *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb), which expressly authorizes that the Lead Plaintiff may comprise a group, and case law has made clear that groups are satisfactory provided that they are not an assembly of mutual strangers organized by counsel to secure the lead plaintiff position.

Movant purchased 231,907 UBS shares on a split-adjusted basis during the class period. *See*

---

[2] Subsequent to the Detroit Funds' Execution of their certifications, movant Detroit Police and Fire filed a motion for lead plaintiff appointment in the Verifone Securities Litigation pending in the Northern District of California. That motion has yet to be decided.

Press Aff., Exhibit C and D. Movant's net class period purchases (i.e. net of sales) were 59,268 split-adjusted shares. *Id.* Movant's net class period expenditures on UBS shares totaled $5,516,931. *Id.* Accordingly, Movant incurred class period investment losses of $6,065,373.89 on a FIFO basis and $4,201,941.02 on a LIFO basis . *See* Press Aff., Exhibit D.

Movant believes that its financial interest in the relief sought by the class is greater than those of all other qualified movants seeking appointment as lead plaintiff.

### C.   Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites for class certification, only two - typicality and adequacy - directly address the personal characteristics of the proposed class representative. Consequently, in deciding a motion for appointment of lead plaintiff, the Court should limit its inquiry to the typicality and adequacy of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *Fischler v. Amsouth Bancorporation*, 1997 U.S. Dist. LEXIS 2875 at *7-8 (M.D. Fla. Feb. 6, 1997); *Lax v. First Merchants Acceptable Corporation, et al.*, 1997 U.S. Dist. LEXIS 11866 (N.D. Il. 1997) at *20 ("Evidence regarding the requirements of Rule 23 will of

6

course, be heard in full at the class certification hearing. There is no need to require anything more than a preliminary showing at this stage") (quoting *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997)), accord, *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp. 2d 286, 296 (E.D.N.Y. 1998) ("At this stage in the litigation, the party moving for lead plaintiff of the consolidated action need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23").

The Detroit Funds fulfill all of the requirements of Rule 23. The Detroit Funds share substantially the same questions of law and fact with other purchasers of UBS securities, such as, whether defendants violated the Exchange Act by publicly disseminating a series of false and misleading statements which falsely depicted UBS' financials and its business, and whether these statements artificially inflated the price of UBS securities. Movant acquired UBS securities during the Class Period at prices artificially inflated by Defendants' misrepresentations and omissions and was damaged thereby. All other persons and entities who acquired UBS securities during the Class Period overpaid as a result of the same misconduct that caused Movant's injury. *See, e.g.*, *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d. Cir. 1992); *In re Oxford Health Plans*, 191 F.R.D. 369, 375 (S.D.N.Y. 2000) (typicality under Rule 23 requires that a class representative "have the incentive to prove all the elements of the cause of action which would be represented by the individual members of the class were they initiating individualized actions") (quoting *Daniels v. Amerco*, 1983-1 Trade Cas. P 65, 274 (S.D.N.Y.1983)). These shared claims also satisfy the requirement that the claims of the representative parties be typical of other purchasers of UBS securities.

Thus, the close alignment of interests between Movant and other Class Period purchasers of UBS securities as well as Movant's strong desire to prosecute the claims on behalf of such persons and entities, provide ample reasons to grant Movant's motion to serve as Lead Plaintiff.

### D. Movant Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interest of the class;
>
> or
>
> (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78u-4(a)(3)(b)(iii)(I).

Courts in the Second Circuit have held that the "adequacy" of a class representative for Rule 23 purposes means that (i) the plaintiff's attorney is qualified experienced and generally able to conduct the litigation and (ii) the plaintiff does not have any interests antagonistic to the class. *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d. Cir. 1992).

Movant's ability and desire to fairly and adequately represent other purchasers of UBS securities has been discussed above. Movant is not aware of any unique defenses defendants could raise against it that would render it inadequate to represent other purchasers of UBS securities. Further, Movant has demonstrated its commitment to protecting the interests of the Class by signing Certifications expressing the group members' willingness to serve as class representative and provide deposition and trial testimony, if necessary. Movant has selected experienced and competent counsel,

who, as detailed below, will provide excellent representation of the Class' interests. *See* Press Aff. Exhibit E (resume of Movant's counsel). Moreover, the fact that Movant has the largest known financial stake in the litigation also provides an incentive for Movant to vigorously prosecute this action. Accordingly, Movant should be appointed Lead Plaintiff for the Class.

### III. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject to the approval of the Court. 15 U.S.C. §78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected the law firm of Kirby McInerney, LLP to serve as Lead Counsel for the proposed class. Kirby McInerney LLP is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors as detailed in the firm's resume. *See* Press Aff., at Exhibit F. As a result of their extensive experience in litigation involving issues similar to those raised in this action, Movant's counsel have the skill and knowledge that will enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the purchasers of UBS securities will receive the best legal representation available.

### CONCLUSION

For all the foregoing reasons, the Detroit Funds respectfully request that the Court: (i) consolidate the above captioned actions (ii) appoint the Detroit Funds as Lead Plaintiff; (iii) approve lead plaintiff's selection of Lead Counsel for the Class; and (iv) grant such other and further relief

as the Court may deem just and proper.

Dated:     New York, New York
           February 11, 2008

                                          Respectfully submitted,

                                          **KIRBY McINERNEY LLP**

By:       /s/ Ira M. Press
                                          Ira M. Press (IP 5313)
                                          Peter S. Linden (PL 8945)
                                          830 Third Avenue, 10th Floor
                                          New York, NY   10022
                                          Tel: (212) 371-6600

                                          *Proposed Lead Counsel*

                                          **ALLEN BROTHERS, P.L.L.C**
                                          James Allen, Sr.
                                          400 Monroe, Suite 220
                                          Detroit, MI 48226
                                          Tel: (313) 962-7777

                                          *Additional Attorneys for Movant, the Detroit Funds*