UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| WILLIAM L. WESNER, Individually and On Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>  vs.<br><br>UBS AG, et al.,<br><br>                Defendants. | : : : : : : : : : : : : : | Civil Action No. 1:07-cv-11225-RJS<br><br><u>CLASS ACTION</u> |
| ROBERT GARBER, Individually and On Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>  vs.<br><br>UBS AG, et al.,<br><br>                Defendants. | : : : : : : : : : : : : | Civil Action No. 1:08-cv-00969-UA<br><br><u>CLASS ACTION</u> |

MEMORANDUM OF LAW IN SUPPORT OF THE GLOBAL FUNDS GROUP'S MOTION
FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF LEAD PLAINTIFF'S
SELECTION OF LEAD COUNSEL AND FOR CONSOLIDATION
OF RELATED ACTIONS

## TABLE OF CONTENTS

                                                                                                                                              **Page**

I.    INTRODUCTION ...............................................................................................................1

II.   FACTUAL BACKGROUND................................................................................................1

III.  ARGUMENT.......................................................................................................................3

        A.    The Global Funds Group Is the "Most Adequate Plaintiff" ...................................3

                1.    The Global Funds Group Has the Largest Financial Interest in the
Relief Sought by the Class...............................................................................4

                2.    The Global Funds Group Otherwise Satisfies Rule 23................................4

        B.    The Court Should Approve the Global Funds Group's Selection of
Coughlin Stoia and Schiffrin Barroway as Lead Counsel ......................................6

        C.    This Court Should Consolidate Related Actions .....................................................6

IV.  CONCLUSION....................................................................................................................7

I.     **INTRODUCTION**

City of Pontiac Policemen's and Firemen's Retirement System, Arbejdsmarkedets Tillaegspension, ATP, Arca SGR S.p.A., the Tyne and Wear Pension Fund and United Super Pty Ltd as Trustee of Cbus (collectively, the "Global Funds Group"), in connection with their transactions in the publicly-traded securities of UBS AG ("UBS" or the "Company") between February 13, 2006 and December 11, 2007 (the "Class Period"), submit this memorandum of law in support of their motion pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), for entry of an order: (1) consolidating related actions; (2) appointing the Global Funds Group as lead plaintiff for the class pursuant to §21D(a)(3)(B) of the Exchange Act (15 U.S.C. §78u-4(a)(3)(B)); and (3) approving Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") and Schiffrin Barroway Topaz & Kessler, LLP ("Schiffrin Barroway") as lead counsel.

The Global Funds Group is the "most adequate plaintiff," as defined by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), because, to the best of its knowledge, it has the largest financial interest of any moving class member or plaintiff who also satisfies the requirements of Fed. R. Civ. P. 23.[1] *See generally Rozenboom v. Van Der Moolen Holding, N.V.*, 2004 U.S. Dist. LEXIS 6382 (S.D.N.Y. 2004); *Borochoff v. Glaxosmithkline PLC*, 246 F.R.D. 201 (S.D.N.Y. 2007).

II.    **FACTUAL BACKGROUND**

UBS is a diversified global financial services company, with its main headquarters in Zürich, Switzerland. With overall invested assets of CHF 3.265 trillion, UBS is the world's largest manager

---

[1]     *See* Affidavit of David A. Rosenfeld in Support of the Global Funds Group's Motion for Appointment as Lead Plaintiff, Approval of Lead Plaintiff's Selection of Lead Counsel and for Consolidation of Related Actions ("Rosenfeld Aff."), Exs. A and B.

of private wealth assets, and is also the second-largest bank in Europe, by both market capitalization and profitability. Throughout the alleged Class Period, UBS misrepresented its results and true financial condition by knowingly: (i) reporting artificially inflated earnings that were based on unsupportable assumptions regarding likely defaults and loan repurchase requirements; and (ii) falsely forecasting strong future earnings amid declining home prices and record-breaking rates of mortgage defaults and delinquencies. Really, UBS knew, but failed to disclose that the deteriorating mortgage market would inevitably lead to a write-down of the Company's impaired mortgage-backed assets.

On October 1, 2007, the Company issued a press release warning of a loss for the third quarter – the Company's first quarterly loss in nine years – and a significant write-down of its subprime and other mortgage-related assets. The Company, however, continued to mislead the investing public as to the true extent of its subprime exposure and the need for a far more drastic write-down in the future. Moreover, the Company attempted to reassure the investing public by stating that the worst of the subprime crisis had passed and that the Company's mortgage-backed positions consisted primarily of "AAA" rated debt.

On October 30, 2007, UBS issued a press release confirming its net loss for the third quarter of 2007 as a result of investments in U.S. subprime mortgages. The third-quarter loss of 830 million Swiss francs ($712 million) contrasted to a profit of 2.2 billion francs for the third quarter of 2006. Actual losses on its investments written off during the third quarter were 4.2 billion Swiss francs ($3.6 billion) – 200 million Swiss francs ($171.6 million) more than UBS forecast October 1, 2007. Following this announcement, the price of UBS stock dropped to intraday low of $52.19 per share, after closing the previous day at $53.25 per share, however, the stock finished the day without a loss.

Then, on December 10, 2007, UBS shocked the market when it announced write-downs of around $10 billion as a result of its subprime mortgage related positions. As a result, the Company was now anticipating a net loss for the full year 2007 as a result of the subprime meltdown. Following this announcement, the price of UBS stock declined to $48.78 per share, from its previous close of $51.66, representing a single-day decline of 5.57%.

## III.  ARGUMENT

### A.  The Global Funds Group Is the "Most Adequate Plaintiff"

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Here, notice was published on December 13, 2007, on *Business Wire* in connection with the filing of the first-filed action. *See* Rosenfeld Aff., Ex. C. Within 60 days of publishing the notice, any person who is a member of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A)(i)(II), (B)(i); *Rozenboom*, 2004 U.S. Dist. LEXIS 6382, at *7.

Second, the PSLRA provides that within 90 days after publication of the notice the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member of the class that the court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). The presumption afforded by the PSLRA can be rebutted by demonstrating that the presumptively most adequate plaintiff is "'subject to unique defenses that render such plaintiff incapable of adequately representing the class.'" *Glaxosmithkline*, 246 F.R.D. at 203 (citation omitted).

The time period in which class members may move to be appointed lead plaintiff in this case, under 15 U.S.C. §78u-4(a)(3)(A)-(B), expires February 11, 2008. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice, the Global Funds Group has timely moved this Court to be appointed lead plaintiff on behalf of all members of the class.

### 1. The Global Funds Group Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, the Global Funds Group purchased UBS securities and ***lost approximately $40 million*** in connection therewith. *See* Rosenfeld Aff., Ex. B. To the best of its knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23. 15 U.S.C. §78u-4(a)(3)(B).

### 2. The Global Funds Group Otherwise Satisfies Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiff's

claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). The Global Funds Group satisfies this requirement because, just like all other class members, it: (1) purchased UBS securities during the Class Period; (2) purchased UBS securities in reliance upon the alleged materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, the Global Funds Group's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events. *See In re Crayfish Co. Sec. Litig.*, 2002 U.S. Dist. LEXIS 10134, at *14 (S.D.N.Y. 2002).

Under Fed. R. Civ. P. 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4) is met where: "(1) class counsel is 'qualified, experienced, and generally able to conduct the litigation;' and (2) class members do not have interests that are antagonistic to one another." *Babcock v. Computer Assocs. Int'l*, 212 F.R.D. 126, 131 (E.D.N.Y. 2003) (citation omitted). Here, the Global Funds Group is adequate to represent the class because its interests are aligned with the interests of the class because it suffered from the artificial inflation of the price of UBS securities and would benefit from the same relief. Furthermore, there is no evidence of antagonism between the Global Funds Group and the class as the Global Funds Group's members have also certified to their willingness to serve and representatives of the class. Rosenfeld Aff., Ex. B. Finally, the five-member Global Funds Group affirmatively made the decision to move together as a group cognizant that they could have filed separate lead plaintiff motions or remained absent class members. *See Weltz v. Lee*, 199 F.R.D. 129, 132-33 (S.D.N.Y. 2001).

**B.    The Court Should Approve the Global Funds Group's Selection of Coughlin Stoia and Schiffrin Barroway as Lead Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). Because the Global Funds Group has selected and retained counsel experienced in litigating securities fraud class actions with the resources to prosecute this action to the greatest recovery possible for the class, its choice of lead counsel should be approved.

Coughlin Stoia and Schiffrin Barroway are actively engaged in complex litigation, emphasizing securities class actions. *See* Rosenfeld Aff., Exs. D, E. The firms possess extensive experience litigating securities class actions and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors. *See id.* Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from Coughlin Stoia and Schiffrin Barroway as lead counsel. *See Glaxosmithkline*, 246 F.R.D. at 204 ("Coughlin Stoia Geller Rudman & Robbins LLP . . . is well qualified and has successfully served as lead counsel . . . in numerous complex securities class actions."); *Levine v. Atricure, Inc.*, 508 F. Supp. 2d 268, 278 (S.D.N.Y. 2007) (approving Schiffrin Barroway and Coughlin Stoia as lead counsel).

**C.    This Court Should Consolidate Related Actions**

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter [is] filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii). To date, the Global Funds Group is aware of two related actions in this district against defendants:

| CASE NAME | CASE NO. | DATE FILED |
|---|---|---|
| *Wesner v. UBS AG* | 1:07-cv-11225 | December 13, 2007 |
| *Garber v. UBS AG* | 1:08-cv-00969 | January 29, 2008 |

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. Consolidation is particularly appropriate in securities class action litigations such as this. *See id*. Both actions relate to the same series of false and misleading statements and arise under the Exchange Act. Therefore, consolidation is appropriate. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990).

**IV.   CONCLUSION**

For all the foregoing reasons, the Global Funds Group respectfully requests that the Court: (1) appoint it as Lead Plaintiff; (2) approve its selection of Coughlin Stoia and Schiffrin Barroway to serve as Lead Counsel; and (3) consolidate the Related Actions.

DATED:  February 11, 2008        Respectfully submitted,

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD


               s/ David A. Rosenfeld
             DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY 11747
Telephone:  631/367-7100
631/367-1173 (fax)

SCHIFFRIN BARROWAY TOPAZ
  & KESSLER, LLP
ANDREW L. BARROWAY
DARREN J. CHECK
SEAN M. HANDLER
280 King of Prussia Road
Radnor, PA  19087
Telephone:  610/667-7706
610/667-7056 (fax)

[Proposed] Co-Lead Counsel for Plaintiffs

S:\CasesSD\UBS AG\BRF00049055-LP.doc

CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 11, 2008.

        s/ David A. Rosenfeld
        DAVID A. ROSENFELD

        COUGHLIN STOIA GELLER
            RUDMAN & ROBBINS LLP
        58 South Service Road, Suite 200
        Melville, NY  11747
        Telephone:  631/367-7100
        631/367-1173 (fax)

        E-mail:  drosenfeld@csgrr.com

# Mailing Information for a Case 1:07-cv-11225-RJS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Maite Aquino**
  aquinom@sullcrom.com

- **Robert Joseph Giuffra , Jr**
  giuffrar@sullcrom.com

- **Suhana S. Han**
  hans@sullcrom.com

- **Samuel Howard Rudman**
  srudman@csgrr.com,e_file_ny@csgrr.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`